**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| JOSHUA A. TINK, | ) | Case No. 21-30885-lkg |
| | ) | |
| Debtor. | ) | |

## TRUSTEE'S MOTION TO COMPEL TURNOVER OF VEHICLES

COMES NOW Robert E. Eggmann, chapter 7 trustee in bankruptcy for Joshua A. Tink, by and through the undersigned counsel, and for *Trustee's Motion to Compel Turnover of Vehicles* (the "Motion") respectfully states as follows:

1. On December 31, 2021 (the "Petition Date"), Debtor Joshua A. Tink ("Debtor") filed a voluntary petition (the "Petition") under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Code"), in the United States Bankruptcy Court for the Southern District of Illinois (the "Court").

2. Robert E. Eggmann ("Trustee") is the duly appointed, qualified chapter 7 trustee in Debtor's bankruptcy case.

3. Trustee brings this Motion pursuant to Section 542 of the Code, to compel Debtor to deliver property to Trustee, and accordingly may be prosecuted as a motion as opposed to an adversary proceeding pursuant to Rule 7001(1) of the FED.R.BANKR.P.

4. Section 542(a) of the Code provides as follows:

> [e]xcept as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property of the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

5. On the Petition Date, Debtor filed a sworn petition, schedules, and statements [Dkt. 1] (collectively, the "Petition") under penalty of perjury. In his Petition, Debtor disclosed that on the Petition Date he owned an interest in a certain 2008 Acura MDX (the "Acura"). Debtor valued the Acura at $5,000.00. [*See* Petition, p. 16 ¶ 3.1.]

6. According to his Amended Schedule C filed on March 14, 2022 [Dkt. 30] ("Schedule C"), Debtor claimed exemptions in the Acura as follows:

    a. $2,400.00, pursuant to 735 ILCS 5/12-1001(c); and

    b. $1,232.44, pursuant to 735 ILCS 5/12-1001(b).

[*See* Schedule C, p. 1 ¶ 2.]

7. In his Petition, Debtor further disclosed that on the Petition Date he owned an interest in a certain 2010 Toyota Camry (the "Camry" and collectively with the Acura, the "Vehicles"). Debtor valued the Camry at $4,000.00. [*See* Petition, p. 16 ¶ 3.2.]

8. According to his Schedule C, Debtor claimed exemptions in the Camry in the amount of $1,891.00, pursuant to 735 ILCS 5/12-1001(b). [*See* Schedule C, p. 1 ¶ 2.]

9. In addition, Debtor discloses two liens on the Camry in favor of Deere Employees Credit Union totaling $2,647.00. [*See* Petition, pp. 17−19 ¶¶ 2.1−2.2.]

10. Trustee is of the opinion that he will be able to recoup more than the collective amount of $9,000.00 in connection with a sale of the Vehicles due to the current dramatic uptick in the used car market. In fact, based upon market analysis, Trustee believes that he may be able to obtain approximately $6,200.00 for the Acura and approximately $6,600.00 for the Camry.

11. After applying all exemptions, and in light of the potential for significant recovery from a third-party sale, Trustee believes that the Acura has equity available for the benefit of the bankruptcy estate in the approximate amount of $2,567.56.

12. In addition, after applying all exemptions and liens, and in light of the potential for significant recovery from a third-party sale, Trustee believes that the Camry has equity available for the benefit of the bankruptcy estate in the approximate amount of $2,062.00.

13. Debtor's non-exempt equity interest in the Vehicles constitutes property of the bankruptcy estate, pursuant to Section 541 of the Code, and accordingly, Debtor is required and should be compelled to surrender the same to Trustee pursuant to Section 542 of the Code.

14. To date, Debtor has not turned the Vehicles over to Trustee, nor has he turned over the value of the Vehicles to Trustee, despite Trustee's demands that he do so, in violation of Debtor's duty to cooperate with Trustee as prescribed by the Code.

15. Pursuant to Rule 4002(a)(4) of the Federal Rules of Bankruptcy Procedure, Debtor has a duty to cooperate with Trustee in the administration of the estate, which would include the surrender of all property of the bankruptcy estate, and Debtor has breached this duty. Accordingly, Trustee is entitled to recover from Debtor his attorney's fees in the amount of $740.00 as and for the costs of filing and prosecuting this Motion pursuant to this Court's equitable powers found in Section 105 of the Code.

16. Trustee seeks an order of this Court compelling Debtor to turn over the Vehicles to the Trustee's agent, Cross Road Motors at 7905 N. Illinois, Caseyville, IL 62232, so that Trustee may sell the Debtor's interest in the same for the benefit of the bankruptcy estate, upon motion and notice to creditors and parties in interest.

17. Alternatively, Trustee seeks an order compelling Debtor to immediately turn over to Trustee the value of the Vehicles based upon an estimate of the same provided by Trustee's agent, after due credit for all exemptions and liens.

WHEREFORE, Trustee Robert E. Eggmann respectfully prays this Court grant this Motion and enter its Order:

a. compelling Debtor to turn over the Vehicles to the Trustee in care of his agent, Cross Road Motors, at the address listed above;

b. alternatively, compelling Debtor to immediately turnover to Trustee the value of the Vehicles based upon an estimate of the same provided by Trustee's agent, after due credit for all exemptions and liens, with said sum to be held in an estate account pending further order of this Court;

c. granting Trustee his attorney's fees in the amount of $740.00 as and for the costs of filing and prosecuting this Motion; and

d. and any such further relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, TRUSTEE

*/s/ Robert E. Eggmann*
By One of His Attorneys

Robert E. Eggmann, Illinois Bar # 6203021
Becky R. Eggmann, Illinois Bar # 6203020
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
Fax No. (314) 854-8660
ree@carmodymacdonald.com
bre@carmodymacdonald.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically on all parties scheduled on the Court's ECF Notice List or that a copy of the foregoing was served upon interested parties in the above-captioned cause by regular U.S. mail, postage fully prepaid, on this 9th day of May, 2022.

/s/ Krista Doiron